IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PALMER,

    Plaintiff,

  v.

SAMUEL NASSAN, THE PENNSYLVANIA
STATE POLICE, TERRENCE DONNELLY,
SHEILA LADNER, and CITY OF
PITTSBURGH,

    Defendants.

10cv0922
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER**

Before the Court is defendants' Partial Motion to Dismiss filed on behalf of defendants Samuel Nassan and the Pennsylvania State Police. Plaintiff, who originally brought this § 1983 lawsuit in the Court of Common Pleas for Allegheny County, contended that these defendants violated his Fourth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. See doc. no. 1-1, ¶¶ 27, 36, 45, 53, 59. Plaintiff also asserted a claim for battery against the individually named defendant Nassan. *Id.*, ¶¶ 21-25.

After removing the case to this Court, defendants filed this Partial Motion to Dismiss suggesting that certain claims asserted against defendants Nassan and the Pennsylvania State Police should be dismissed. For the reasons set forth in greater detail below, the court will grant in part and deny in part the defendants' partial motion to dismiss.

**I. Standard of Review**

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader

is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 at 570)). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. *Id*. at 1949. However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly*, 550 U.S. at 555)); see also *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id*. at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. *Id*. at 563 n.8.

It is on this standard that the Court has reviewed defendants' Motion. Each of defendants' five basis for a partial dismissal will be discussed *seriatim*.

## II. Discussion

### A. Plaintiff's Battery Claim and Defendant's Sovereign Immunity (Count I)

Defendant Nassan contends that 1 Pa.C.S.A. §2310 provides sovereign immunity for Commonwealth employees such as himself. Although there are nine (9) exceptions to this immunity defense, battery is not among them. However, the plaintiff's complaint impliedly suggests that the actions constituting a battery taken by defendant Nassan removed him from his scope of employment as a Commonwealth employee and thus, from the protection of sovereign immunity as codified by 1 Pa.C.S.A. §2310.

This Court takes note that the conduct of an employee is within the scope of employment only if: (1) it is of a kind that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is calculated, at least in part, by a purpose to serve the employer; and (4) if force is intentionally used by the employee against another, it is not unexpected by the employer. *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000), citing Restatement (Second) Agency § 228. This Court also notes that in *Revak v. Lieberum,* 2008 WL 4858291 (W.D. Pa., 2008), the Court determined that plaintiff's complaint specifically and repeatedly alleged that the individual defendant acted outside the scope of his employment and thus, plaintiff's battery claim survived a motion to dismiss.

Given that plaintiff's complaint in this case merely implies that defendant was acting outside the scope of his employment (see doc. no. 1-1, ¶22) and based on the above-cited law, we will grant defendant's motion as to this claim, but will allow plaintiff to file an Amended Complaint with more specific assertions.

## B. 8th Amendment Allegations (Counts II and III)

The Eighth Amendment "was designed to protect those convicted of crimes and consequently the Clause applies only after the State has complied with constitutional guarantees traditionally associated with criminal prosecutions." *Whitley v. Albers*, 475 U.S. 312, 318 (1986)(citation and internal quotations omitted). Thus, the Eighth Amendment's Cruel and Unusual Punishments Clause does not apply until "after sentence and conviction." *Graham v. Connor*, 490 U.S. 386, 392 n. 6, (1989). See also, *Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2005) (footnote omitted).

Given the case law set forth above and plaintiff's failure to respond to this argument, the Court will grant defendant's motion to dismiss the Eighth Amendment claims set forth in Counts II and III. Plaintiff is instructed to remove these assertions from his Amended Complaint.

## C. Excessive Force Claims and the 14th and 4th Amendments (Counts II and III)

Defendant contends that under *Graham v. Connor*, 490 U.S. 386 (1989) the plaintiff may not raise a separate Fourteenth Amendment (substantive due process) claim for the alleged excessive force utilized against plaintiff. Indeed, the *Graham* Court specifically concluded:

> Today we make explicit what was implicit in [*Tennessee v.*] *Garner*'s analysis, and hold that *all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.

*Id.* at 395.

However, the United States Court of Appeals for the Third Circuit has noted that courts should apply the Due Process Clause of the Fourteenth Amendment to protect

4

pretrial detainees from excessive force. See, *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3rd Cir. 1990) (Fourteenth Amendment applies when plaintiff is a pretrial detainee). As noted in *Bieros v. Nicola,* 860 F.Supp. 226, 231 (E.D. Pa. 1994), although a pretrial detainee has been defined as a person charged but not yet convicted of a crime, (see, *Bell v. Wolfish*, 441 U.S. 520, 523, (1979)), it is not clearly defined when an arrest ends and pretrial detention begins.

Based on the case law cited above, in this case, it is premature to address the specific constitutional right defendants' conduct is alleged to have infringed, and, accordingly, too early to dismiss a claim brought under the Fourteenth Amendment.

As such, this claim will be denied.

### D. Who is a "Person" Under § 1983 (Counts II and III)

Defendants next contend they are not "persons" for purposes of Section 1983 because they have been sued in their "official capacities" and thus, must be dismissed as parties to this lawsuit.

> . . . [I]n any §1983 action the initial inquiry must focus on whether the two essential elements to a §1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor* 451 U.S. 527, 535 (1981).

In *Kentucky v. Graham*, 473 U.S. 159 (1985), the Court sought to eliminate lingering confusion about the distinction between personal- and official-capacity suits. The Court clarified and expounded upon its holding in *Kentucky* in *Hafer v. Melo* as follows:

We emphasized [in *Kentucky*] that official-capacity suits generally represent only

> another way of pleading an action against an entity of which an officer is an agent. Suits against state officials in their official capacity therefore should be treated as suits against the State. Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, on the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. While the plaintiff in a personal-capacity suit need not establish a connection to governmental policy or custom, officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law. The phrase "acting in their official capacities" is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury.

See, *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991) (internal citations and quotations omitted).

Based upon the facts pled by plaintiff in Counts II and III of his Complaint, plaintiff has sufficiently asserted claims against defendant Nassan in his personal and official capacities (see Doc. No. 1-1, ¶¶ 22-24, 27-28, 30-37), and thus, defendants' motion in this respect will be denied.

However, as noted by the United States Court of Appeals for the Third Circuit in *Beck v. City of Pittsburgh*:

> When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Thus, although the municipality may not be held liable for a constitutional tort under § 1983 on the theory of vicarious liability, it can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom. *Id.* at 694.

89 F3.d 966, 971 (3d Cir. 1996).

Based on the foregoing law, and analogizing a municipality to the State agency at issue here, the Court finds that plaintiff needs to more specifically allege whether the Pennsylvania

6

State Police implemented or executed a policy, regulation or decision – officially adopted or informally adopted by custom – which in turn led to the alleged constitutional transgressions. Plaintiff will be given time to file an Amended Complaint in this regard.

### E. 11th Amendment Immunity for Defendants Sued in their Official Capacities

Defendants correctly note that the Eleventh Amendment immunizes states, state agencies, and state officials acting within their official capacities, from monetary damages. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). However, as noted above, state officials may still be held personally liable for damages under § 1983 for actions taken under color of state law. See, *Hafer v. Melo*, *supra*.

In light of the fact that this Court shall give plaintiff time to amend his Complaint to more specifically allege whether defendants acted outside of their official capacities, deciding this issue would be premature and is, therefore, denied as moot.

**AND NOW,** this 20th day of August, 2010, upon consideration of defendants' Partial Motion to Dismiss the Complaint and brief in support thereof (doc. nos. 3 and 4), and plaintiff's response and brief in opposition thereto (doc. nos. 10 and 11):

**IT IS HEREBY ORDERED** that defendants' Partial Motion to Dismiss is **GRANTED IN PART** with respect to plaintiff's Eighth Amendment claims. **IT IS FURTHER ORDERED** that defendants' Partial Motion to Dismiss is **GRANTED IN PART** as to: (1) plaintiff's battery claim asserted against Defendant Nassan, and (2) plaintiff's §1983 claims asserted against defendant Pennsylvania State Police, but plaintiff is given leave to correct the deficiencies in these respects. Defendants' Partial Motion to Dismiss is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that plaintiff file an Amended Complaint on or before

August 30, 2010 addressing those matters noted above.  Defendant may file a responsive pleading to the Amended Complaint on or before September 8, 2010.  If Defendant files a renewed Motion to Dismiss, plaintiff's response to same shall be due on or before September 14, 2010.

                            **SO ORDERED** this 20th day of August, 2010.

                            s/ Arthur J. Schwab
                            Arthur J. Schwab
                            United States District Judge

cc:      All Registered ECF Counsel and Parties