IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PALMER,

      Plaintiff,

v.

SAMUEL NASSAN, THE PENNSYLVANIA
STATE POLICE, TERRENCE DONNELLY,
SHEILA LADNER, and CITY OF
PITTSBURGH,

      Defendants.

10cv0922
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER
DENYING DEFENDANTS' MOTION TO BIFURCATE (DOC. NO. 55)**

Before the Court is Defendants' Motion to Bifurcate the trial of this Section 1983 case. Doc. no. 55. After careful consideration of Defendants' Motion and Plaintiff's Response (see doc. no. 58), this Court will deny the Motion to Bifurcate.

Federal Rule of Civil Procedure 42 states, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed.R.Civ.P. 42(b). The decision to bifurcate is within this Court's sound discretion. In re Bayside Prison Litigation, 157 Fed.Appx. 545, 547 (3d Cir. 2005).

Here, Defendants predicate their request to bifurcate this trial on the grounds that Plaintiff will present two different theories of liability in this case: (1) a theory pertaining to Defendants Donnelly and Ladner suggesting these two individual officers unreasonably used excessive force when confronted with the circumstances during Plaintiff's arrest, thereby violating his Fourth Amendment rights; and (2) a theory pertaining to Defendant City of Pittsburgh ("the City")

suggesting that the City was deliberately indifferent to the Fourth Amendment rights of Plaintiff given its allegedly inadequate policies/practices which enabled its police officers to use excessive force during Plaintiff's arrest. Doc. no. 55 at ¶¶1-4.

Defendants contend that evidence used to prove the City's liability – such as evidence of: (1) prior complaints of misconduct, (2) procedures used to investigate citizen complaints, and/or (3) deliberate indifference – would prejudice the individual Defendants. Id. at ¶5. Defendants also contend that if a jury were to find in favor of the individual Defendants, then Plaintiff could not maintain his claim against the City. Defendants cite no law for either of these contentions.

Plaintiff counters that the City could be held liable even if Defendants Donnelly and Ladner were not. Doc. no. 58, ¶5. Plaintiff relies on Pembaur v. City of Cincinnati, 475 U.S. 469, 484-85, and Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978) for this proposition.

This Court agrees with Plaintiff given the status of the law in this area, and finds In re Bayside Prison Litigation, supra, to be particularly instructive on this point.

In Bayside, several hundred prison inmates filed Section 1983 claims against prison guards and riot officers claiming they used excessive force on inmates during a 30-day lock-down period. 157 Fed.Appx. at 546. The Bayside plaintiffs also asserted claims against individual prison administrators and Department of Corrections officials, claiming they were aware of the pattern and practice of unconstitutional abuse, and did nothing to address it. Id. One of the defendants was sued individually and in her capacity as a supervisor, and, like Defendants in the instant case, she moved to bifurcate the trial so that the individual liability and supervisory liability claims would be separated. Id.

2

The district court denied the bifurcation request, and on appeal, the United States Court of Appeals for the Third Circuit noted that the defendant was "correct that bifurcation 'is appropriate where litigation of one issue . . . may eliminate the need to litigate a second issue.' [cite omitted.] However, bifurcation is certainly not required in these circumstances, especially when, as here, the 'issues are so closely interwoven that the plaintiff would have to present the same evidence twice in separate trials.'" Id. at 548, citing, 20 Moore's Federal Practice and Procedure § 20.039(4)(c).

In addition, like the Defendants here, defendant in the Bayside case moved to avoid the introduction of unduly prejudicial evidence in the individual liability case. Id. at 548. Again, the district court denied the bifurcation request and the Court of Appeals affirmed holding:

> We have long held that prejudice does not arise "just because all evidence adduced is not germane to all counts against each defendant . . . ." United States v. Console, 13 F.3d 641, 655 (3d Cir.1993) (citations and internal quotation marks omitted). "Rather, some exacerbating circumstances, such as the jury's inability to compartmentalize the evidence, are required." United States v. Urban, 404 F.3d 754, 776 (3d Cir.2004) (citations and internal quotation marks omitted).

Id.

This Court finds that it would not promote judicial economy to bifurcate this trial given that the issues are so closely interwoven that Plaintiff would have to present the same evidence twice in separate trials. Further, this Court finds no evidence or argument suggesting that the jury could not compartmentalize the evidence presented.

Therefore, based on the foregoing law and authority this Court will deny the Defendants' Motion to Bifurcate this matter. SO ORDERED this 20th day of January, 2011.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties