IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PALMER,

    Plaintiff,

v.

SAMUEL NASSAN, THE PENNSYLVANIA
STATE POLICE, TERRENCE DONNELLY,
SHEILA LADNER, and CITY OF
PITTSBURGH,

    Defendants.

10cv0922
**ELECTRONICALLY FILED**

# MEMORANDUM ORDER
## GRANTING IN PART AND DENYING IN PART
## MOTION IN LIMINE (DOC NO. 52)

Before the Court is Defendant Nassan's Motion in Limine seeking to preclude statements contained in the body of an email sent by counsel for Defendant Nassan to counsel for Plaintiff.[1] Doc no. 52.

This email contained an attachment – Defendant Nassan's taser-use record – which indicated Defendant Nassan's taser was discharged on the night in question. Doc. no. 54 at pp. 16-17. In the body of the email, counsel for Defendant Nassan offers potential explanations as to <u>why</u> the taser-use record indicates the taser was used on the night in question, presumably at the time of Plaintiff's arrest. Id. at p. 17.

This email along with its attachment (the taser-use record) were sent to Plaintiff's counsel after Defendant Nassan was deposed. Id. at p. 3, ¶12. During his deposition in this matter,

---

[1] Defendant Nassan's motion suggests that there is more than one email at issue (see doc. no. 52); however, Plaintiff's response only addresses one email. See doc no. 54, generally, and doc. no. 54 at p. 17, specifically. This Court's Memorandum Order applies only to the singular email dated December 17, 2010 at 9:38 a.m., to the extent that any such additional email exists.

Defendant Nassan responded negatively when asked if he used his taser on the night in question.[2]

Id. at p. 2, ¶8.

The relevant narrative portion of the body of the email from Defendant Nassan's counsel to Plaintiff's counsel reads as follows:

> 1. Nassan
>
> -see attached record on Nassan's taser for the day in question- July 6, 2008. Shows five entries. [Nassan] did not taze Plaintiff. When he heard the order from Donnelly to taze he tried but his taser malfunctioned like they often times do. Nassan is not sure whether the entries show him trying to taze Plaintiff during [struggle] and he was unable to, or given the discrepancies in the times between his and Ladner's tazer he was doing spark tests after Plaintiff had been arrested trying to see what had happened to his tazer. Or the first entries are Nassan unsuccessfully trying taze and last two entries a minute later are after Plaintiff is restrained and Nassan trying to figure out why taser didn't work. Regardless, after this failure of his tazer, Nassan turned it into the appropriate PSP authority to get it fixed by Taser International. . . ."

Id. at p. 17.

Defendant Nassan seeks to preclude these email statements from evidence primarily on the grounds that if admitted, his counsel could be required to serve as a trial witness. See doc. no. 52 at ¶8. In response, Plaintiff argues that the email statements made by Defendant Nassan's counsel constitute extra-judicial statements and as such, are relevant and admissible against Defendant Nassan. See doc. no. 54 at p. 3, ¶¶13-15. Plaintiff also argues that the statements contained in the email may be used at trial to impeach Defendant Nassan "in the event he testifies inconsistently with his prior testimony and record evidence." Id. at p. 4, ¶18.

---

[2] Plaintiff also notes that the narrative portion of Defendant Nassan's incident report does not mention any use of a taser. Doc. no. 54 at ¶ 2. In addition, Plaintiff notes that during an internal affairs investigation Defendant Nassan gave recorded interview concerning Plaintiff's arrest and did not mention his own use or attempted use of his taser. Id. at ¶¶4-6.

## Discussion

Plaintiff essentially contends the statements made by Nassan's attorney are admissions by Nassan – the party-opponent – and therefore, admissible under F.R.E. 801(d)(2)(A). In this regard, Plaintiff presumably wishes to use the attorney's email statements to prove that Defendant tried to use (and/or spark-tested) his taser during the time of Plaintiff's arrest.

Plaintiff also contends that he can use the email statements at trial to impeach Defendant Nassan "in the event he testifies inconsistently with his prior testimony and record evidence" thereby implicating F.R.E. 801(d)(1)(A) relating to prior inconsistent statements.

In support of these two contentions, Plaintiff cites United States v. Gregory, 871 F.2d 1239 (4th Cir. 1989); Harris v. Steelweld Equip. Co., 869 F.2d 396 (8th Cir. 1989); Graber v. Griffin, 500P.2d 35 (Kan. 1972); Noel v. Roberts, 449 S.W.2d 572 (Mo. 1970); and Hanson v. Waller, 888F.2d 806 (11th Cir. 1989).) Notably, none of these emanate from any Court within the ambit of the United States Court of Appeals for the Third Circuit.

First, this Court will address whether the email statements are admissions by party opponent and thus non-hearsay under Rule 801(d)(2)(A). Rule 801 states in pertinent part:

> (d) Statements which are not hearsay. A statement is not hearsay if--
> \* \* \*
> (2) Admission by party-opponent. The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity . . . .

F.R.E. 801. Thus under the Rule 801(d)(2)(A), an attorney's statement may be deemed to be an admission by his or her client.

However, the Court of Appeals for the Third Circuit has cautioned that not every out-of-court statement by an attorney constitutes an admission which may be used against his or

her client. See, Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1198 (3d Cir. 1993). Rather, an attorney has authority to bind the client only with respect to statements directly related to the management of the litigation. Id. Thus, courts "generally measure the authority of the attorney to make out-of-court admissions by the same tests of express or implied authority as would be applied to other agents." Id. citing, John W. Strong, 2 McCormick on Evidence § 259, at 163 (4th Ed.1992).

Thus, under the facts presented here, the issue is whether the statements made by Defendant Nassan's attorney were "directly related to the management of the litigation." This Court finds that the statements made by Defendant Nassan's counsel were directly related to litigation management.

Defendant Nassan's counsel's statements contained in the email attempt to provide potential reasons as to why the documentary evidence (Nassan's taser-use record) indicates Defendant Nassan's taser was fired when Nassan testified he not did tase Plaintiff. Given the content and nature of the statements, Defendant Nassan had to have provided these explanatory statements to his counsel who, in turn, conveyed them to Plaintiff's counsel in this email in an attempt to manage the litigation.

Therefore, pursuant to F.R.E. 801(d)(2)(A) and Lightning Lube, this Court finds that the email statements constitute admissions by party-opponent, and as such, they are not hearsay.

However, this Court also finds that these statements are <u>not</u> inconsistent with any evidence of record thus far produced. Plaintiff's Response to Defendant Nassan's Motion in Limine suggests that the email statements are inconsistent with statements Defendant Nassan made in his arrest report, his recorded statement, and/or during his deposition. This Court disagrees.

4

Given the evidence proffered by Plaintiff in his Response to the Motion in Limine, at no time during the internal affairs investigation or during his deposition was Defendant Nassan asked whether he <u>attempted</u> or <u>tried</u> to use his taser on Plaintiff. See doc. no. 54 at p. 2, ¶8 and pp. 5-15. A thorough review of Defendant Nassan's recorded statement reveals that Defendant Nassan discussed police officer Ladner's use of her taser on Plaintiff. See doc. no. 54 at pp. 6-9, 11-14. This recorded statement is utterly devoid of any question asking Defendant Nassan whether he (1) used, or (2) attempted to use his own taser on Plaintiff on the night in question. <u>Id</u>. at pp. 1-18.

During his deposition in this case, the following exchange occurred between counsel for Plaintiff and Defendant Nassan:

DIRECT BY ATTORNEY OGG:

Q: Did you use your taser that evening?

A: No, not that I recall, no. I would have had to –
We have to do a report. It's just a supplemental
if we did, and I don't recall having a report for that
evening.

\* \* \*

Q: And you didn't use it on Mr. Palmer?

A: No.

Based upon this exchange (the only exchange proffered by Plaintiff), Defendant Nassan clearly testified that he did not use his taser on Plaintiff that evening. Thus, the statements set forth in the email, which all suggest that Defendant Nassan may have <u>attempted</u> to use his own taser and/or conducted spark tests with his taser after Plaintiff's arrest, are not inconsistent witness statements under F.R.E. 801(d)(1)(A) because Defendant Nassan has not contradicted himself.[3]

---

3 The report prepared by Defendant Nassan was not attached as an exhibit but based on representations made by

Thus, counsel for Plaintiff may use the email statements as impeachment evidence <u>only if</u> Defendant Nassan testifies incongruently with those statements during trial.

## Conclusion

Therefore, based on the foregoing law and authority, this Court will GRANT IN PART and DENY IN PART Defendant's Motion in Limine to preclude the December 17, 2010 email from evidence, consistent with this Memorandum Order.

SO ORDERED this 26th day of January, 2011.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:     All Registered ECF Counsel and Parties

---

Plaintiff, the report, like the recorded statement is silent with respect to any use or attempted use of the taser.  See doc. no. 54 at p.1 ¶2.