IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PALMER,

    Plaintiff,

v.

SAMUEL NASSAN, THE PENNSYLVANIA
STATE POLICE, TERRENCE DONNELLY,
SHEILA LADNER, and CITY OF
PITTSBURGH,

    Defendants.

10cv0922
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER
GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTIONS IN LIMINE (DOC. NO. 68)**

**1.    Motion to Preclude Evidence Relating to Plaintiff's Depressive Disorder**

Plaintiff filed a Motion in Limine seeking leave to preclude any evidence of Plaintiff's depressive disorder, including but not limited to his use of anti-depressant medications. The witness list in Plaintiff's pretrial statement does not list any mental health expert. See doc. no. 60.

Defendants Donnelly, Ladner, and the City of Pittsburgh, have responded to this motion by arguing that Plaintiff stated he had not taken his anti-depressant medication on the day in question. These Defendants argue that they should be able to cross-examine Plaintiff's blood-alcohol content (BAC) expert with respect to the combined effect of Plaintiff's ingestion of alcohol and his failure to take his anti-depressant medication.

Defendant Nassan has responded to this motion by noting that Plaintiff seeks damages for embarrassment and humiliation as a result of the incident in question. Defendant Nassan also notes that Plaintiff testified during his deposition that he sought medical treatment from his therapist or psychiatrist due to his depressive feelings about the incident.

Under F.R.E. 402, relevant evidence means evidence that tends to make the existence of any fact that is of consequence to the determination of an action more probably than not. Because Plaintiff testified that he <u>failed</u> to take his anti-depressant medication on the day in question. Plaintiff's failure to take his anti-depressant medication is not relevant to the BAC topic the toxicology expert will discuss. Therefore, the testimony of his toxicology expert should be limited solely to the effect of the alcohol on Plaintiff on the day in question. Cross-examination on this topic should likewise be so limited.

Turning to Defendant Nassan's arguments, Plaintiff has made a claim for damages based, in part, on the humiliation and embarrassment he suffered on the night in question. Thus, Plaintiff's mental state – i.e. his depressive disorder – is relevant under F.R.E. 402. However, this Court finds that the probative value of evidence of Plaintiff's depressive disorder is substantially outweighed by the danger of unfair prejudice under F.R.E. 403.

Therefore, the Plaintiff's Motion to Preclude Evidence about his Depressive Disorder shall be GRANTED subject to Plaintiff "opening the door" at trial.

**2. Motion to Present Evidence of Defendant Nassan's Continuing Conduct on the Night in Question**

Plaintiff contends that on the same night as the subject incident Defendant Nassan used excessive force on another individual, Christopher Strothers ("Strothers"), approximately one hour before encountering Plaintiff. Plaintiff wishes to proffer evidence of this "other act" under 404(b) arguing that this other act is similar and close enough in time to be admitted under F.R.E. 404(b). In support of this argument, Plaintiff relies on a Pennsylvania criminal statute defining the phrase "course of conduct" and upon comments found in the United States Sentencing Guidelines related to the phrase "course of conduct."

In response Defendant Nassan (who filed a Motion in Limine to preclude evidence relating to the facts of the Strothers' incident, as well as evidence from several other, unrelated, civil lawsuits brought against Defendant Nassan) contends that the evidence is not relevant under F.R.E. 401, or in the alternative, highly prejudicial under F.R.E. 403.

This Court finds that the all prior incidents – the Strothers' incident as well as all other incidents that resulted in civil lawsuits – constitute "other acts" under 404(b) which are not admissible to prove the character of the person (specifically, Defendant Nassan) in order to show that he acted in conformity when arresting Plaintiff on the night in question. The Court also agrees that the probative value of this evidence as proffered by Plaintiff is greatly outweighed by the danger of unfair prejudice it will have in on the jury.

Finally, as Defendant Nassan notes, since he has denied all allegations in the Strothers' and other civil matter, the evidence proffered by Plaintiff is merely conjecture and opinion advanced by other plaintiffs. To allow evidence of this nature to be admitted would create "litigation within litigation" and would confuse the issues of the immediate matter before the jury.

Therefore, Plaintiff's Motion to Present Evidence on Defendant Nassan's Continuing Conduct on the Night in Question is DENIED.

### 3. Motion to Present Evidence of Defendant Nassan's Prior Excessive Force Claims

Plaintiff contends that he should be permitted to introduce evidence of Defendant Nassan's prior excessive force claims, specifically those incidents that did <u>not</u> occur on the night in question. As noted above, Defendant Nassan filed a Motion in Limine to Preclude this very evidence. See doc. no. 67.

For the same reasons as set forth immediately above, this Court will DENY Plaintiff's

Motion to Present Evidence of Defendant Nassan's Prior Excessive Force Claims.

4. **Motion to Preclude Evidence Regarding the Findings of the Citizen Police Review Board as to the Incident in Question**

Plaintiff anticipates that Defendants will want to present evidence concerning the findings of the Citizen Police Review Board ("CPRB") which conducted an investigation with respect to the incident at issue. Plaintiff wants to preclude any findings or opinions rendered by this non-judicial body. None of the Defendants opposed this Motion in Limine.

Therefore Plaintiff's Motion in Limine to Preclude Evidence Regarding the Findings of the Citizen Police Review Board as to the Incident in Question will be granted GRANTED.

5. **Motion to Preclude Evidence Related to the Plaintiff's Acceptance into the A.R.D. Program as Result of the Traffic Stop in Question**

Plaintiff anticipates that Defendants will offer his acceptance into Accelerated Rehabilitation Disposition ("A.R.D.") program as evidence of his "other crimes" under F.R.E. 404(b). Plaintiff successfully completed the A.R.D. program and argues that successful completion of the A.R.D. program does not amount to a "conviction" under Rule 312 of the Pennsylvania Rules of Criminal Procedure.

Defendant Nassan counters by noting that Rule 313(B) of the Pennsylvania Rules of Criminal Procedure states that "no 'statement presented by the [criminal] defendant shall be used against the defendant for any purpose in any criminal proceeding.'" Defendant Nassan further notes that the comments to Rule 313(B) state that "'[t]he phrase 'or civil' was deleted from paragraph (B) in the general revision of the ARD rules. Whether a [criminal] defendant's statement may be used in a noncriminal proceeding is a matter of substantive law.'" Defendant Nassan acknowledges that if Plaintiff concedes he was driving under the influence of alcohol on

4

the night in question, there will be no need to introduce evidence concerning his A.R.D.

Similarly, Defendants Donnelly, Ladner, and the City of Pittsburgh, have responded to this motion by arguing that Plaintiff has repeatedly questioned the validity of the traffic stop on the night in question, and that he claimed that he was <u>not</u> driving while impaired. Thus, Defendants Donnelly, Ladner, and the City of Pittsburgh contend that if Plaintiff questions the validity of the traffic stop and the subsequent arrest for driving under the influence, then he will "open the door" to his acceptance into the A.R.D. program, thereby allowing Defendants to introduce evidence of his acceptance into the A.R.D. program.

This Court concludes that evidence related to Plaintiff's acceptance into the A.R.D. program is not admissible and will therefore GRANT Plaintiff's Motion in Limine to Preclude this evidence. However, should Plaintiff deny that he was arrested for driving under the influence on the night in question, Defendants will be permitted to cross-examine Plaintiff using the A.R.D. evidence.

### 6. Motion to Attack the Credibility of Defendant Nassan's Prior Statements under 613(a) and (b).

Plaintiff next requests that this Court allow evidence culled from Defendant Nassan's personnel file to be used to impeach him. Specifically, during Defendant Nassan's deposition, he testified that he only been disciplined once between December of 2002 and March of 2009. Plaintiff contends Defendant Nassan's personnel records show that he was disciplined three times during that time frame and has attached two exhibits which Plaintiff contends illustrates the two other disciplinary actions taken again Defendant Nassan.

Defendant Nassan contends that one of the two exhibits is the same incident referenced by Defendant Nassan during his deposition and the other exhibit is not evidence of a formal

5

disciplinary action. Thus, Defendant Nassan concludes neither example can be used to attack his credibility because his testimony is consistent with the exhibits (evidence) attached to Plaintiff's Motion in Limine.

This Court notes that Defendant Nassan admitted during his deposition to urinating in a garbage can in an alley resulting in formal disciplinary action. Defendant Nassan testified that this incident occurred in the spring of 2006 during a Pirates game. Document number 68-3 indicates that he was disciplined (with the exception of page 5, which appears to have been erroneously attached to this exhibit) for being publicly intoxicated at a bar immediately before the start of Pirates baseball game which was held on "Law Enforcement Night" at PNC Park on May 17, 2006. See doc. no. 68-3 page 2. Based on this information it appears that Defendant Nassan was formally disciplined once in May of 2006 for being publicly intoxicated. Thus, the Court does not find the first incident to be inconsistent with his deposition testimony.

With respect to the second incident, it is clear from the exhibit at document number 68-4 (and page 5 of 68-3) that Defendant Nassan was not formally disciplined for serving alcohol to the son of a fallen police officer. Thus, this evidence is not inconsistent with Plaintiff's deposition testimony.

Because there is no inconsistency among the evidence presented and Defendant Nassan's deposition testimony, Plaintiff's Motion to Attack the Credibility of Defendant Nassan's Prior Statements under 613(a) and (b) shall be DENIED.

**IT IS HEREBY ORDERED**, this 9th day of February, 2011, that Plaintiff David Palmer's Motions in Limine shall be granted in part and denied in part as follows:

1. Plaintiff's Motion to Preclude Evidence about his Depressive Disorder is GRANTED subject to Plaintiff "opening the door" at trial.

2. Plaintiff's Motion to Present Evidence on Defendant Nassan's Continuing Conduct on the Night in Question is DENIED.

3. Plaintiff's Motion to Present Evidence on Defendant Nassan's Continuing Conduct on the Night in Question is DENIED.

4. Plaintiff's Motion to Present Evidence of Defendant Nassan's Prior Excessive Force Claims is DENIED.

5. Motion to Preclude Evidence Related to the Plaintiff's Acceptance into the A.R.D. Program as Result of the Traffic Stop in Question Court is GRANTED; however, should Plaintiff deny that he was arrested for driving under the influence on the night in question, the Defendants will be permitted to cross-examine Plaintiff using the A.R.D. evidence.

6. Plaintiff's Motion to Attack the Credibility of Defendant Nassan's Prior Statements under 613(a) and (b) is DENIED.

                                                                             s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties