IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PALMER,

       Plaintiff,

    v.

SAMUEL NASSAN, THE PENNSYLVANIA
STATE POLICE, TERRENCE DONNELLY,
SHEILA LADNER, and CITY OF
PITTSBURGH,

       Defendants.

10cv0922
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANT NASSAN'S MOTIONS IN LIMINE (DOC. NO. 67)**

1.     **Motion to Exclude Other Allegations of Excessive Force and Alleged Misconduct**

Defendant Nassan's first Motion in Limine was addressed by this Court in its ruling on

Plaintiff's Second and Third Motions in Limine. See doc no. 78.

As set forth in this Court's prior Order:

> This Court finds that the all prior incidents – the Strothers' incident as
> well as all other incidents that resulted in civil lawsuits – constitute "other acts"
> under 404(b) which are not admissible to prove the character of the person
> (specifically, Defendant Nassan) in order to show that he acted in conformity
> when arresting Plaintiff on the night in question. The Court also agrees that the
> probative value of this evidence as proffered by Plaintiff is greatly outweighed by
> the danger of unfair prejudice it will have in on the jury.

Doc. no. 78, p. 3.

Accordingly, for the same reasons set forth in this Court's prior Order (doc. no. 78), the

Defendant Nassan's Motion in Limine to Exclude Other Allegations of Excessive Force and

Alleged Misconduct will be GRANTED.

2/9/2011 at 4:15 pm

**2.      Motion to Exclude Portion of Sergeant Steve Russo's Testimony**

This motion seeks to exclude the portion of an internal affairs officer's (Sergeant Russo's), testimony wherein he states, "there is a clear expectation that when a PSP Trooper is questioned about an incident, that the Trooper provide the investigator with all relevant facts and events surrounding the incident."

Defendant Nassan, during his deposition, testified that he did not use his taser, and if he had he would have had to file a report. Plaintiff obtained Defendant Nassan's taser records after Defendant Nassan was deposed which indicate his taser was deployed on the night in question, presumably at the time of Plaintiff's arrest. Plaintiff contends that he will not use Sergeant Russo's testimony to provide the jury with Sergeant Russo's opinion of Defendant Nassan's veracity; rather they will offer this testimony so the jury can determine what expectations an Internal Affairs officer has when conducting an investigation.

This Court finds that although Sergeant Russo's opinion as to Trooper Nassan's veracity is not relevant, his testimony may be offered solely to provide the jury with the expectations of an internal affairs officer. For this reason Defendant Nassan's Motion to Exclude the Portion of Sergeant Steve Russo's Testimony shall be DENIED.

**3.      Motion to Exclude Testimony of Defendant Nassan's Attorney**

This Court has previously ruled on this matter relating to an email that was sent concerning Defendant Nassan's taser records (see doc. no. 62), and this Court will adhere to its prior ruling. Accordingly, Defendant's Motion to Exclude the Testimony of Defendant's Nassan's Attorney shall be GRANTED.

**4.      Motion to Exclude a Six-Second Taser Training Video**

Defendant notes that exhibit no. 66 in Plaintiff's exhibit list is a training video, available on the internet, which depicts two men holding a third man – who is down on his knees – by his arms.  One of the two men holding the third man "drive stuns" the man on his knees.  The supplicant falls forward, screams and kicks his feet.  Defendant contends that this video constitutes inadmissible hearsay because Plaintiff intends to use the video to make the assertion that "tasing hurts."  Defendant also contends that the authenticity of the video can never be established, given that the individuals in the video are unknown, the producers and distributors of the video are unknown, the kind of taser used in the video is unknown, etc.  In addition Defendant notes that Plaintiff himself contends he was shot with barbs and was not drive stunned as depicted in the video.

Plaintiff counters by arguing that the video is not being offered to show that "tasing is painful," but rather is being offered as demonstrative evidence of what can occur when a person is tased.  Plaintiff admits that he will provide testimony as to the pain he felt when tased.

This Court notes that demonstrative evidence is admissible when its probative value outweighs it prejudicial value.  However, under the facts presented here: (1) this demonstrative evidence is not demonstrative of what happened to Plaintiff on the night in question (Plaintiff admits he was tased with probes/barbs, and not drive stunned), (2) this evidence cannot be authenticated, and (3) the little, if any probative value, is grossly outweighed by the prejudicial effect it will have on a jury.

For all the foregoing reasons, Defendant Nassan's Motion to Exclude the Six-Second Taser Training Video will be GRANTED.

**5.      Motion in Limine to Exclude Defendant Nassan's Personnel File**

Defendant next notes that Plaintiff listed Defendant Nassan's entire personnel file as exhibit number 68 in his Pretrial Statement.  Defendant contends that the vast majority of the documents in Defendant Nassan's file are not relevant to these proceedings.  Defendant also contends that by listing the entire personnel file as an exhibit, Plaintiff is attempting to "back door" those documents pertaining to Defendant Nassan's May of 2006 disciplinary action, and the notes made in his file concerning his supplying alcohol to a minor in 2007, as well as prior incidents which led to civil lawsuits.

Plaintiff counters that the personnel file will be necessary to impeach Defendant Nassan in the event that Defendant Nassan "alters his testimony at trial" regarding his prior disciplinary action or the use or non-use of his taser.

This Court finds that Plaintiff may not simply list the entire personnel file as an exhibit without designating which documents within the personnel file could be used at trial.[1]  Each document must be examined for relevancy and hearsay.  Each document proffered must be examined in light of this Court's current and prior rulings on the evidence that is admissible and that which is not.

Therefore, the Court shall GRANT Defendant Nassan's Motion in Limine to Exclude Defendant Nassan's Personnel File.

**IT IS HEREBY ORDERED**, this 9th day of February, 2011, that Defendant Nassan's Motions in Limine shall be granted in part and denied in part as follows:

1.      Defendant Nassan's Motion in Limine to Exclude Other Allegations of Excessive Force and Alleged Misconduct is GRANTED.

---

[1] The Court notes that Plaintiff listed Defendant Nassan's taser records separately, (see exhibit number 71), in his Pretrial Statement.

2.      Defendant Nassan's Motion to Exclude a Portion of Sergeant Steve Russo's

Testimony is DENIED.

3.      Defendant Nassan's Motion to Exclude the Testimony of Defendant's Nassan's

Attorney shall be GRANTED.

4.      Defendant Nassan's Motion to Exclude the Six-Second Taser Training Video will

be GRANTED.

5.      Defendant Nassan's Motion in Limine to Exclude Defendant Nassan's Personnel

File is GRANTED.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties