IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PALMER,

       Plaintiff,

  v.

SAMUEL NASSAN, THE PENNSYLVANIA
STATE POLICE, TERRENCE DONNELLY,
SHEILA LADNER, and CITY OF
PITTSBURGH,

       Defendants.

10cv0922
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
OF HIS MOTION IN LIMINE TO ATTACK THE CREDIBILITY
OF DEFENDANT NASSAN UNDER F.R.E. 613(a) AND (b) (DOC. NO. 79)**

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See, Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. Pahler v. City of Wilkes Barre, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." Glendon Energy Co. v.

Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. Rossi v. Schlarbaum, 600 F. Supp. 2d 650, 670 (E.D. Pa. 2009).

Plaintiff filed a Motion in Limine requesting this Court allow evidence culled from Defendant Nassan's personnel file to be used to impeach him. See doc no. 68. Specifically, during Defendant Nassan's deposition, he testified that he had only been disciplined once between December of 2002 and March of 2009. Plaintiff contended that Defendant Nassan's personnel records showed that he was disciplined three times during that time frame and attached two exhibits which Plaintiff contended illustrated the two other disciplinary actions taken again Defendant Nassan.

Upon review of the two exhibits, the Court found that the first exhibit (filed at doc. no. 68-3) related to an incident which occurred in May of 2006 at a bar outside of PNC Park. This incident was catalogued by Internal Affairs as IAD number 2006-0351.[1] Based on exhibit 68-3 it appeared to the Court that Defendant Nassan was formally disciplined in May of 2006 for being publicly intoxicated, and the Court did not find this evidence to be inconsistent with Defendant Nassan's his deposition testimony.

The second exhibit did not constitute evidence of a formal disciplinary action; rather, it was an email chain discussing an incident and the administrative action that would be taken with respect to Defendant Nassan's involvement in that incident. Thus, because there was no formal discipline with respect to this incident, the Court found Defendant that Nassan's deposition testimony was not inconsistent with this evidence.

---

[1] Page 5 of doc. no. 68-3 references a different IAD number (2005-0351) but the text of the document indicates the "primary charge" is "FR-1.02 Unbecoming Conduct" and "FR-1.22 Use of Alcohol-Off Duty."

Now, Plaintiff has submitted additional evidence, not previously disclosed to this Court, that consists of: (1) a grievance form filed by Defendant Nassan dated November 7, 2006, and (2) two letters to the Grievance Chariman – one dated December 5, 2006, the other dated June 30, 2008. There is no IAD number on any of these documents.

The only information about the incident in question is found on the grievance form where it is indicated that Defendant Nassan "became intoxicated while off-duty, and urinated in a bar trash can." This same document indicates he was issued a "issued a Notice of Disciplinary Penalty for alleged violations of FR 1-1.02 (Unbecoming Conduct) and FR 1-1.22 (Use of Alcohol-Off Duty)."

Given that page 5 of doc. no. 68-3 contains the same violations as those set forth on the Grievance form, and given Plaintiff's assertions that page 5 of doc. no. 68-3 was correctly made part of this exhibit and was not erroneously attached per the Court's prior opinion (see doc. no. 78, p. 6), it still appears to this Court that the "public urination incident" is one in the same with the "pre-baseball game incident". Therefore, this Court finds no basis to reconsider its prior opinion – i.e. no intervening change in controlling law; no new evidence, previously unavailable, becoming available; and no error of law.

However, even if the "public urination incident" is a separate and distinct incident from the "pre-baseball game incident," Plaintiff may not use these documents to impeach Defendant Nassan. Neither of these incidents (if they are, in fact, two separate incidents for which Defendant Nassan was formally disciplined), have anything to do with the case currently before this Court. This Court finds these incidents to be completely collateral to the instant matter. While the United States Court of Appeals for the Third Circuit has "recognized the doctrine of impeachment by contradiction" it has held that "it is limited by the collateral issue rule, which

provides that evidence is inadmissible if it is offered solely for the purpose of contradiction and no other; that is, "'one may not contradict for the sake of contradiction; the evidence must have an independent purpose and an independent ground for admission.'" United States v. Schwyhart, 123 Fed. Appx. 62 (3d Cir. 2005), citing United States v. Payne, 102 F.3d 289, 294 (7th Cir. 1996). See also, United States v. Rutkin, 208 F.2d 647, 653 (3d Cir. 1954) (concluding letter had little evidentiary value even to impeach a witness and was thus collateral and not admissible).

**IT IS HEREBY ORDERED**, this 10th day of February, 2011, for the foregoing reasons, that Plaintiff's Motion for Motion for Reconsideration of His Motion in Limine to Attack the Credibility of Defendant Nassan Under F.R.E. 613(a) and (b) (Doc. No. 79) is DENIED.

                                                           s/ Arthur J. Schwab
                                                           Arthur J. Schwab
                                                           United States District Judge

cc:      All Registered ECF Counsel and Parties